# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ANTHONY JOHNSON | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : | |
| THE CITY OF PHILADELPHIA, et al. | : | NO. 15-4651 |

FILED
SEP -8 2015
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## MEMORANDUM

O'NEILL, J.                                                                                                September 8, 2015

    Plaintiff Anthony Johnson brings this action on behalf of himself and others, primarily based on his dissatisfaction with several state and federal judges' rulings against him and their refusal to allow him to represent others in court despite his procurement of a power of attorney. He seeks leave to proceed *in forma pauperis*. The Court will grant Johnson leave to proceed *in forma pauperis* and dismiss his complaint.

## I.  FACTS

    Although Johnson is not an attorney, he has obtained powers of attorney from various individuals to "assist" those individuals with their legal claims.[1] Johnson's claims in the instant action are primarily based on various state and federal judges' refusals to recognize those powers of attorney to permit Johnson to essentially act as counsel in cases brought by other individuals. Also underlying Johnson's claims is the fact that he has been unsuccessful cases he has filed and/or is dissatisfied with various rulings in those cases, from which he has apparently extrapolated that the courts have "sabotaged" him or conspired against him because he is African-American. His complaint names the following defendants: (1) the City of Philadelphia;

---

[1] The complaint suggests that Johnson has secured powers of attorney for at least nine individuals: Roland Johnson, Bruce Johnson, Sarah Houston, Aaron Houston, Timothy Eason, Robert Scruggs, Arlette Johnson, Kevin Neal, and James Bowie. (Compl. at 2.)

(2) Judge Gary Glazer of the Philadelphia Court of Common Pleas; (3) Judge John M. Younge of the Philadelphia Court of Common Pleas; (4) Judge Gary Glazer of the Philadelphia Court of Common Pleas; (5) Chief Judge Theodore A. McKee of the Third Circuit Court of Appeals; (6) Judge Cynthia M. Rufe of the Eastern District of Pennsylvania; (7) Judge J. William Ditter of the Eastern District of Pennsylvania; (8) Judge William H. Yohn of the Eastern District of Pennsylvania; (9) the United States of America; (10) the U.S. Department of Justice; (11) the "U.S. District Court Third Circuit Eastern District of PA"; (12) Judge L. Felipe Restrepo of the Eastern District of Pennsylvania; (13) Aaron Shotland, an Assistant City Solicitor; and (14) the Philadelphia Daily Newspaper.

    Johnson alleges that the United States of America, the U.S. Department of Justice, and the U.S. District Court for the Eastern District of Pennsylvania "have permitted and/or condoned for over the past 20 years and continuing, its judicial officers and constituents to conspire with the City of Philadelphia and its officers of the court . . . . through the deliberate sabotaging of the 'Bill of Rights' against African Americans and others who seek redress in said judicial forums against white Americans and their constituents." (Compl. at 5.) The complaint identifies several actions that Johnson brought on behalf of himself or which he attempted to prosecute on behalf of others, which underlie his claims. Johnson takes issue with Judge Younge, who presided over a case brought by Kevin Neal, based on the Judge's apparent refusal to allow Johnson to represent Neal by virtue of a power of attorney. He also criticizes Judge Glazer for "substituting himself as a defense lawyer and responding for the defendant and dismissing a summary judgment motion." (Compl. at 3.)

    Johnson raises similar allegations about actions he filed in federal court on behalf of himself or in the name of others. Aaron Houston filed a lawsuit against the City of Philadelphia

2

and other defendants, apparently with Johnson's help. Judge Rufe, who presided over the case, ordered Johnson to stop providing legal assistance to Houston. *See Houston v. City of Philadelphia*, Civ. A. No. 13-4442 (E.D. Pa.) (Document Nos. 21 & 37). Aaron Shotland was the attorney for the City and the other defendants named in that action. Johnson filed a misconduct complaint against Judge Rufe, which was apparently rejected by Chief Judge McKee. Johnson alleges that Chief Judge McKee "covered up [Judge] Rufe's lies of service process; which she used denying a default judgment and granting summary judgment for the defendants officers of the court!" (Compl. at 4.) Johnson raises claims against Judge Ditter, in connection with his rulings in *Harris v. the Philadelphia Police Department*, Civ. A. No. 06-2192 (E.D. Pa.), and likewise claims that Judge Yohn failed to recognize the importance of his powers of attorney when ruling in *Johnson v. Lachman*, Civ. A.No. 12-2461 (E.D. Pa.). He also cites *Johnson v. Tucker*, Civ. A. No. 12-4980 (E.D. Pa.), *Johnson v. Kugler*, Civ. A. No. 12-2031 (E.D. Pa.), and *Johnson v. City of Phila.*, Civ. A. No. 07-3110 (E.D. Pa.), as examples of cases that were wrongly decided against him.

Johnson alleges that the Philadelphia Daily Newspaper "refuses to publicize any exposure upon the corrupt judicial officers and their constituents named throughout this complaint and others, of whom sabotages African Americans, et al right to access to the courts, by applying the 'Bill of Rights' to favor White Americans and their constituent and their causes and ignore the African Americans rights and their causes!" (Compl. at 6.) He also generally believes that the newspaper is prejudiced against African Americans.

The complaint purports to raise claims on behalf of Johnson, the individuals for whom Johnson obtained a power of attorney, and "all African American Philadelphians and other Americans similarly situated." Johnson primarily cites 42 U.S.C. § 1983, § 1985, and § 2000a as

3

the basis for his claims.[2] He seeks millions of dollars in damages, a declaration that his rights have been violated, and an injunction preventing the judicial defendants from discriminating against African Americans and removing them from the bench until Johnson is granted relief.

## II. STANDARD OF REVIEW

Johnson's motion to proceed *in forma pauperis* is granted because it appears as though he is incapable of paying the fees to commence this action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) require the Court to dismiss the complaint if it is frivolous, malicious, or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

"A court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant[s]." *Deutsch*, 67 F.3d at 1086. In that regard, "a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. A. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

---

[2] As § 1983 applies to state actors, the Court construes Johnson's constitutional claims against the federal defendants as having been brought pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

*Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* As Johnson is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.  DISCUSSION

There are numerous problems with Johnson's complaint. Initially, the Court will dismiss all claims that Johnson raises on behalf of other individuals. A pro se litigant who is not an attorney may not represent someone else in federal court. *See Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (holding that a non-attorney parent could not proceed pro se on behalf of his children in federal court); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) ("Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him."). Even a power of attorney is insufficient to overcome that prohibition. *See Williams v. United States*, 477 F. App'x 9, 11 (3d Cir. 2012) (per curiam) ("Faison Williams's power of attorney for her father may confer certain decision-making authority under state law, but it does not permit her to represent him pro se in federal court.").

As to Johnson's own claims, the complaint regurgitates allegations that have been repeatedly rejected by judges on this Court. Johnson has previously sued many of the same defendants, based on many of the same underlying cases, alleging that the state and federal courts and the judges on those courts have sabotaged him and/or conspired against him because he is African-American. *See Johnson v. United States*, Civ. A. No. 14-1138 (E.D. Pa.); *Johnson v. Tucker*, Civ. A. No. 12-4980 (E.D. Pa.); *Johnson v. Yohn*, Civ. A. No. 12-4526 (E.D. Pa.); *Johnson v. Lachman*, Civ. A. No. 12-2461 (E.D. Pa.); *Johnson v. Kugler*, Civ. A. No. 12-2031 (E.D. Pa.); *Johnson v. Kugler*, Civ. A. No. 10-7454 (E.D. Pa.); *Johnson v. City of Phila.*, Civ. A. No. 07-

3110 (E.D. Pa.); *Johnson v. Davis*, Civ. A. No. 98-4380 (E.D. Pa.). Despite the dismissals of those cases, Johnson continues to pursue the same or similar claims against many of the same defendants, each time adding the most recent judge who determined that his claims lack merit. This pattern of litigation activity establishes that the Court should dismiss a majority of Johnson's claims as malicious. If Johnson continues in this vein, he is on notice that he could be subjected to a pre-filing injunction. *See Abdul-Akbar*, 901 F.2d 329 (3d Cir. 1990).

Johnson's claims also fail on their merits. His vast allegations of sabotage and conspiracy are not sufficiently supported to state a plausible claim and, in the context of his litigation history, rise to the level of irrational and delusional. *See Walton v. Walker*, 364 F. App'x 256, 258 (3d Cir. 2010) ("[T]he district court was entitled to draw upon its familiarity with Walton's prior meritless litigation (again describing sprawling conspiracies) to conclude that his complaint consisted only of 'claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" (quoting *Neitzke*, 490 U.S. at 328)). That Johnson has not prevailed in his lawsuits—many of which are clearly frivolous—or that judges have refused to allow him to represent others despite a power of attorney—correctly—do not support his outrageous allegations.[3] Nor does Chief Judge McKee's disagreement with Johnson's allegations or the Philadelphia Newspaper's refusal to print those allegations give rise to any plausible non-frivolous claims. Furthermore, as Johnson has been repeatedly informed, *Bivens* does not authorize claims for damages against the federal government or its agencies, and judges are absolutely immune from liability for acts taken in their judicial capacity so long as

---

[3] As explained above, a power of attorney does not permit a pro se litigant who is not an attorney to represent another in federal court. Furthermore, as Johnson has been repeatedly informed, the unauthorized practice of law is a crime in Pennsylvania. *See* 42 Pa. Cons. Stat. Ann. § 2524.

they are not acting in the clear absence of all jurisdiction.[4] *See F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Lewal v. Ali*, 289 F. App'x 515, 516 (3d Cir. 2008) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006) (per curiam); *Bolin v. Story*, 225 F.3d 1234, 1240-42 (11th Cir. 2000).

### IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss the complaint. Johnson will not be given leave to amend because amendment would be futile. An appropriate order follows, which shall be docketed separately.

---

[4] Johnson's bald allegations that certain judges acted without jurisdiction (even though they acted while presiding over civil cases to which they were assigned), are insufficient to establish that judicial immunity is inapplicable here.